# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Joanne Bilbrey, E/O of Robert Bilbrey, | : | CASE NO.: 1:25-CV-00721-DAP |
| | : | |
| Plaintiff, | : | JUDGE: DAN AARON POLSTER |
| | : | |
| -v- | : | **ANSWER OF DEFENDANT** |
| | : | **HUTCHINSON IINC. TO CROSS-** |
| Hutchinson, Inc., et al., | : | **CLAIM OF DEFENDANTS PV** |
| | : | **HOLDING CORP., AVIS BUDGET** |
| Defendants. | : | **GROUP INC., AVIS CAR RENTAL** |
| | | **AND AVIS BUDGET CAR RENTAL** |

**(Jury Demand)**

Now comes the Defendant, Hutchinson Inc., by and through counsel, and for its Answer to the Cross-claim filed by Defendants PV Holding Corp., Avis Budget Group, Inc., Avis Car Rental and Avis Budget Car Rental LLC states as follows:

### ANSWER TO COUNT ONE

1.      This answering Defendant restates its answers and denials made in its Answer to the Plaintiff's Complaint and incorporates those answers and denials in responding to the co-Defendant's Counterclaim.

2.      This answering Defendant denies the allegations in Paragraph 2 of the Cross-claim.

3.      This answering Defendant denies as stated the allegations in Paragraph 3 of the Cross-claim.

4.      Upon information and belief, admit the allegations in Paragraph 4 of the Cross-claim.

5.      This answering Defendant admits that on January 18, 2025, Toussaint was in the vehicle with another individual who was employed at Hutchinson but denies that either were acting

in the course and scope of their employment with Hutchinson or that they were directed by Hutchinson as alleged in Paragraph 5 of the Cross-claim.

6. This answering Defendant admits that there was a contract between Hutchinson and Avis and that the contract and its language speak for itself. However, this Answering Defendant denies that the contract entitles Avis to indemnification from Hutchinson as set forth in Paragraph 6 of the Cross-claim.

7. This answering Defendant denies the allegations in Paragraph 7 of the Cross-claim.

8. This answering Defendant denies the allegations in Paragraph 8 of the Cross-claim.

9. This answering Defendant denies the allegations in Paragraph 9 of the Cross-claim.

### AFFIRMATIVE DEFENSES

1. The Cross-claim fails to state a claim for which relief can be granted.

2. Defendants' Cross-claim fails as any alleged damages were caused by the acts of the Defendants seeking indemnification.

3. Defendants' Cross-claim is barred by the doctrine of laches estoppel and/or waiver.

4. There is no duty to indemnify the fact that there is no actual liability as to this Defendant on the underlying claim. Defendant's cross-claims fail for lack of personal jurisdiction.

5. Defendant's cross-claim is barred by the unavoidable accident doctrine.

6. Defendant's cross-claims are barred by the intervening or superseding causes.

7. Defendant's cross-claims are barred by the sudden emergency defense.

8. Defendant's cross-claims are barred because the accident was caused by an Act of God.

9. This answering Defendant reserves the right to raise additional defenses as discovery progresses.

WHEREFORE, having fully answered, Defendant, Hutchinson Inc. respectfully requests that the Court dismiss the Cross-claim of the Defendants at Defendants' costs.

Respectfully submitted,

/s/ Michael P. Gilbride
MICHAEL P. GILBRIDE (0062471)
REMINGER CO., L.P.A.
154 Columbus Avenue
Sandusky, Ohio 44870
Phone:  (419) 609-1311 Phone
Fax:     (419) 626-4805 Fax
mgilbride@reminger.com

Counsel for Defendant Hutchinson, Inc.

## JURY DEMAND

A trial by jury is hereby demanded.

/s/ Michael P. Gilbride
MICHAEL P. GILBRIDE (0062471)

## CERTIFICATE OF SERVICE

I hereby certify that on  June 24, 2025, the foregoing was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Michael P. Gilbride

_____

MICHAEL P. GILBRIDE (0062471)